UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kalalizi M., | Case No. 25-cv-2530 (JWB/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Merrick B. Garland, US Attorney General; Alejandro Mayorkas, Secretary of Department of Homeland Security; and Kevin Raycraft, Field Office Director for the Minneapolis Field Office, | |
| Respondents. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

In a letter dated June 18, 2025, the Clerk of Court directed petitioner Kalalizi M. to pay the $5 filing fee for this habeas corpus matter or apply for in forma pauperis status within 15 days. (See Letter [Docket No. 2]). Petitioner was warned that if he did not pay the filing fee or apply for in forma pauperis status, this action could be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

That deadline has now passed, and Petitioner has not paid the filing fee or applied for in forma pauperis status. In fact, Petitioner has not communicated with the Court about this case at all since commencing this action.[1] Accordingly, this Court now recommends, consistent with the

---

[1] In its responsive memorandum, the government represented to the Court that Petitioner was removed from the United States one day after commencing this action. (See Declaration of Gregory G. Brooker [Docket No. 5] ¶ 2; Brooker Decl. Ex. A [Docket No. 5-1]). If this is true (and the Court has no reason to believe that it is not true), then Petitioner's habeas petition has become moot and would also be subject to dismissal on that basis as well. See, e.g., Larry Z. v. Garland, No. 21-cv-1030 (NEB/BRT), 2021 WL 3639602, at *1 (D. Minn. July 30, 2021).

warning previously given to Petitioner, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See <u>Henderson v. Renaissance Grand Hotel</u>, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** under Rule 41(b) for failure to prosecute.

Dated: July 16, 2025                              s/Leo I. Brisbois
                                                  Hon. Leo I. Brisbois
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).